**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4621**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ABETUBOKUN A. ADESIOYE,

Defendant - Appellant.

**No. 20-4622**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ABETUBOKUN A. ADESIOYE, a/k/a Adetubokun A. Adesioye,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Greenbelt.
Peter J. Messitte, Senior District Judge.  (8:00-cr-00373-PJM-1; 8:00-cr-00605-PJM-1)

Submitted:  December 2, 2021                    Decided:  December 16, 2021

Before MOTZ, AGEE, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Richard Basile, RICHARD BASILE, P.A., Greenbelt, Maryland, for Appellant. Jonathan F. Lenzner, Acting United States Attorney, Jennifer L. Wine, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Abetubokun A. Adesioye pled guilty, pursuant to a written plea agreement, to bank fraud, in violation of 18 U.S.C. § 1344, and conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371.  The district court sentenced Adesioye to 153 months' imprisonment for bank fraud and 60 months' imprisonment for the conspiracy offense, to run concurrently.  On appeal, Adesioye raises several challenges to the procedural and substantive reasonableness of his sentences.  The Government has invoked the appeal waiver in Adesioye's plea agreement, asserting that the appeals should be dismissed.

We review the validity of an appeal waiver de novo.  *United States v. Manigan*, 592 F.3d 621, 626 (4th Cir. 2010).  Where the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently agreed to waive his right to appeal, and (2) the issues raised on appeal fall within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005).  "[T]he issue ultimately is evaluated by reference to the totality of the circumstances," considering "the particular facts and circumstances surrounding th[e] case, including the background, experience, and conduct of the accused."  *Id.* at 169 (internal quotation marks omitted).  On appeal, Adesioye does not challenge the validity of the appeal waiver and the record otherwise indicates that Adesioye knowingly and intelligently agreed to waive his right to appeal. Therefore, because Adesioye's challenges to his sentences fall within the scope of the waiver, we dismiss the appeals.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*